**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW PHELAN,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 09-318** |
| | : | |
| **SCI MERCER, et al.** | : | |
| **Respondent** | : | |

**ORDER**

Petitioner Matthew Phelan objects to the Magistrate's recommendation that I deny his habeas corpus petition. 28 U.S.C. § 2254. I will overrule Petitioner's counseled objections and adopt the Magistrate's Report and Recommendation.

**Background**

In May 2005, Petitioner was convicted by a jury in the Lehigh County Common Pleas Court of theft by unlawful taking, receiving stolen property, access device fraud, and criminal conspiracy. See Commonwealth v. Phelan, No. 237 EDA 2006 (Pa. Super. Ct. Sept. 15, 2006). Petitioner was sentenced in July 2005 to six to twelve years imprisonment. Id.

The Commonwealth presented evidence that on January 29 and 30, 2004, Petitioner and William Reinisch stole cash and credit cards from lockers at the Bethlehem YMCA. Id. During his direct examination at trial, Reinisch testified that the Petitioner and Reinisch met in the "late afternoon or early evening" of January 29, 2004 after stealing cash and credit cards from YMCA member John Vargo. Id. at 9; (Doc. No. 11, Ex. D). On cross-examination, Rienisch was asked the specific time of his January 29th meeting with Petitioner. Id at 9-10; (Doc. No. 11, Ex. D).

1

Reinisch could not remember the exact time and again stated that he met Petitioner in the "late afternoon, early evening."  Defense counsel then asked, "You said, I believe, 4:30.  Was that approximately right?"  Reinisch answered in the affirmative.  Id. at 9-10; (Doc. No. 11, Ex. D).

On May 5, 2009, the jury submitted the following question to the court during deliberations: "what time did [Reinisch] say [Petitioner] arrived at Bordeaux or what time did Jamie Bordeaux say [Petitioner] arrived at the office."  Id. at 9; (Doc. No. 11, Ex. D.)  The trial judge asked the court monitor to review the taped trial record for an answer.  The monitor found Reinisch's response on direct examination that Petitioner arrived in the "late afternoon, early evening."  After playing to counsel the recording of Rienisch's response, the trial judge asked the monitor if he had also reviewed Reinisch's cross-examination.   The monitor responded that he had reviewed Reinisch's entire testimony. (Doc. No. 11, Ex. D.)  Evidently, the monitor missed Reinisch's agreement on cross-examination that the approximate time of his meeting with Petitioner was 4:30.  The trial judge asked both counsel to determine if their trial notes included anything that was "different from what the court monitor played and that maybe somehow it had been overlooked."  Defense counsel responded "I don't think so."  (Doc. No. 11, Ex. D)  After reviewing his own notes once again, the trial judge responded to the jury's question with a note stating, "William Reinisch testified that it was 'late, late afternoon, early evening.'"  The trial judged asked if there were any objections to his note.  Both defense counsel and the prosecutor stated that they had no objection. Id. at 11; (Doc. No. 11, Ex. D).

The jury convicted petitioner of all charges.  In his post-trial motions, which the trial court denied, Petitioner did not raise any claim related to the trial court's response to the jury's question.  On direct appeal to the Pennsylvania Superior Court, Petitioner argued for the first

time that the trial court's incorrect response was an abuse of discretion under Pennsylvania law. The Superior Court affirmed, holding that "defense counsel's failure to object on the record to the trial court's response to the jury question has caused the issue on appeal to be waived." Commonwealth v. Phelan, No. 237 EDA 2006, at 11 (Pa. Super. Ct. 2006). The Supreme Court denied *allocatur*. Commonwealth v. Phelan, 919 A.2d 956 (Pa. 2007) (table). Petitioner then sought to raise the Reinisch issue under Pennsylvania's Post Conviction Relief Act. The PCRA court denied relief on December 15, 2008 because Petitioner failed to subpoena Reinisch or otherwise present Reinisch's allegedly exculpatory testimony. Petitioner did not appeal that denial. (Doc. No. 1.)

On January 22, 2009, Petitioner filed the instant *pro se* petition for habeas relief. 28 U.S.C. § 2254; (Doc. No. 1.) Petitioner claimed that the trial judge's failure to inform the jury of Reinsich's testimony that his meeting took place at approximately 4:30 violated Petitioner's Sixth Amendment right to a fair trial and his Due Process rights under the Fifth and Fourteenth Amendments. (Doc. No. 1.) On March 11, 2009, I referred the case to a Magistrate Judge for a Report and Recommendation. (Doc. No. 4.) The Magistrate has recommended that I deny the § 2254 petition. (Doc. No. 13.) On August 3, 2009, Petitioner filed counseled objections to the Report; the Commonwealth responded on September, 9, 2009. (Doc. Nos. 14, 16.)

**Standard of Review**

The extent of my review of the Magistrate's Report is committed to my discretion. See Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). I must review *de novo*, however,

those portions of the Report to which specific objection is made.  28 U.S.C. § 636(b)(1)(C); see generally Goney v. Clark, 749 F.2d at 6-7.

**Discussion**

The Magistrate concluded that Petitioner's claim has been procedurally defaulted on two grounds: (1) the independent and adequate state grounds doctrine precludes review of Petitioner's habeas claim, and (2) the instant claim was not fairly presented to the Pennsylvania courts. (Doc. No. 13.)  The Magistrate Judge concluded that because Petitioner had not demonstrated cause and prejudice to excuse any procedural default, § 2254 relief should be denied. Petitioner objects only to the Magistrate's conclusions that there exists an adequate and independent state ground and that there exist no cause and prejudice to excuse any procedural default.  (Doc. No. 14.)  He has not addressed the conclusion that he failed to fairly present his claim in state court.  (Doc. No. 14.)

A claim is procedurally defaulted so that "a federal court may not review it on the merits if a state court's decision rests on a violation of a state procedural rule.  This procedural bar applies only when the state rule is 'independent of the federal question [presented] and adequate to support the judgment.'"  Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. Oct. 3, 2007) (citations omitted).  The requirements of "independence" and "adequacy" are distinct.  Id.  Under the independence requirement, "[a] state procedural ground will not bar federal habeas relief if the state law ground is so 'interwoven with federal law' that it can not [sic] be said to be independent of the merits of a petitioner's federal claims." Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004).  "A state rule is 'adequate' for procedural default purposes if it was 'firmly

4

established, readily ascertainable, and regularly followed at the time of the purported default.'"

Leyva v. Williams, 504 F.3d at 365.

A claim is also procedurally defaulted if the petitioner: 1) "failed to show that he 'invoked one complete round of the State's established appellate review process'"; and 2) fairly presented in state court the claim he seeks to raise under § 2254. See O'Sullivan v.Boerckel, 526 U.S. 838, 845 (1999); Nara v. Frank, 488 F.3d 187, 198 (3d. Cir. 2007) ("A petitioner has fairly presented his claim if he presented the same factual and legal basis for the claim to the state courts.").

A procedural default, whether stemming from the independent and adequate state grounds doctrine or from a failure to fairly present a claim in state court, will be excused if the petitioner shows either: 1) cause and prejudice; or 2) that the failure to consider the claim would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Cristin v. Brennan, 281 F.3d 404, 409 n.5 (3d Cir. 2002), cert. denied, Cristin v. Wolfe, 527 U.S. 897 (2002). To demonstrate cause, a petitioner must show that some external impediment prevented him from raising the claim. See Coleman, 501 U.S. at 753. "For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable'" would constitute "cause." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). In addition, attorney error that amounts to ineffective assistance of counsel will constitute "cause." Id. at 753-54. A petitioner who demonstrates cause must also show prejudice: that the alleged errors "worked to his *actual* and substantial disadvantage infecting his entire trial with error of constitutional dimensions.'"

5

Fischetti v. Johnson, 384 F.3d 140, 155 (3d Cir. 2004) (quoting United States v. Frady, 456 U.S. 152, 168 (1982)).

### A. Adequate and Independent State Grounds

Petitioner argues that the state rule relied upon by the Magistrate Judge, "which precludes review of any issue not preserved by objection at trial, is wholly inadequate" because trial counsel was unaware of Reinisch's approximation of the time of his meeting with Petitioner and because the court monitor stated that the disputed testimony did not exist.  (Doc. No. 14.)  It is firmly established under Pennsylvania state law, however, that an issue not raised in the lower court is waived and may not be raised on appeal.  See Pa. R. A. P. 302 ("[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Commonwealth v. Edmondson, 718 A.2d 751, 753 (Pa. 1998) ("[T]he defense may not successfully complain of trial errors for the first time only after the jury has returned a verdict of guilty, even if the errors were basic and fundamental, unless the errors were initially challenged at trial, and thereby preserved on appeal."); Commonwealth v. Hetzel, 822 A.2d 747, 755 (Pa.Super. 2003) (failure to object to supplemental jury instruction waived issue on appeal).  Petitioner cites no law to the contrary.

Here, the Superior Court found that Petitioner's challenge to the trial judge's note was waived on direct appeal because of the failure to raise the issue at trial.  Commonwealth v. Phelan, No. 237 EDA 2006 (Pa. Super. Ct. 2006). Accordingly, because the state court's ruling was based on independent and adequate state procedural grounds, Petitioner's claim is barred.

Petitioner appears to argue in his objections that there is "cause and prejudice" to excuse any procedural default because his trial counsel was "unaware of the basis for any objection to

the jury's instructions" due to the monitor's mistake.  (Doc. No. 14.)  The Supreme Court has

held, however, that "the mere fact that counsel failed to recognize the factual or legal basis for a

claim, or failed to raise the claim despite recognizing it, does not constitute cause for a

procedural default."  Murray v. Carrier, 477 U.S. 478, 486 (1986).  Petitioner had ample

opportunity to object to the trial judge's note to the jury.  Moreover, the disputed Reinisch

testimony was elicited by Petitioner's counsel on           cross-examination.  Accordingly,

Petitioner has not demonstrated that "cause and prejudice" exists to excuse his procedural

default.  See Coleman v. Thompson, 501 U.S. 722, 753 (1991) ("Attorney ignorance or

inadvertence is not cause because the attorney is the petitioner's agent when acting, or failing to

act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error.")

(internal quotation marks omitted).

It is also clear that no miscarriage of justice will result if this Court did not consider

Petitioner's defaulted claim.  To demonstrate a fundamental miscarriage of justice, Petitioner is

required to present new evidence of actual innocence.  Cristin, 281 F.3d at 412.  To establish

actual innocence, a petitioner must offer "new reliable evidence -- whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not

presented at trial."  House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup v. Delo, 513 U.S.

298, 324 (1995)).  The evidence must be such that "it is more likely than not that no reasonable

juror would have convicted [Petitioner] in light of the new evidence."  Schlup, 513 U.S. at 327.

Petitioner has not offered any such evidence.  Accordingly, there will not be a "fundamental

miscarriage of justice" if this Court does not consider Petitioner's defaulted claim.

**B. Failure to Present Claim**

The Magistrate Judge found, in the alternative, that because Petitioner did not raise any constitutional claim in his state court appeals and because the time to do so has passed, the constitutional claim he seeks to raise here is procedurally defaulted.  (Doc. No. 13 at 12.) Petitioner does not object to this conclusion. (Doc. No. 14.)   I agree with the Magistrate Judge that, even if Petitioner's claim is not barred by an adequate and independent state ground, it is procedurally defaulted because he failed to present it during the state appellate review process. As I have explained, Petitioner has not demonstrated "cause and prejudice" to justify his default, nor has he shown that a "miscarriage of justice" would result if his claim is not considered. Accordingly, I will not consider Petitioner's claim.

I have carefully reviewed the Report and Recommendation and agree with the Magistrate's conclusions.  **AND NOW**, this 28th day of October, 2009, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Answers (Doc. No. 11), the Report and Recommendation of the Magistrate Judge (Doc. No. 13), Petitioner's Objections to the Report and Recommendation (Doc. No. 14), the Response to Petitioner's Objections (Doc. No. 16), and all related submissions, it is **ORDERED** as follows:

1.      Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2.      The Report and Recommendation is **APPROVED** and **ADOPTED**;

3.      The Petition for a Writ of Habeas Corpus is **DENIED**; and

4.      There is no basis for the issuance of a certificate of appealability.

5.      The Clerk of Court shall close this matter for statistical purposes.

IT IS SO ORDERED.

*/s/ Paul S. Diamond*

_____

PAUL DIAMOND, J.

9